IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **J&J SPORTS PRODUCTIONS, INC.,** as Broadcast Licensee of the May 4, 2013 Floyd Mayweather, Jr. v. Robert Guerrero, WBC Welterweight Championship Fight Program, <br><br> Plaintiff, <br> v. <br><br> **CATSUP BURGER BAR, LLC,** individually and d/b/a KETCHUP BURGER BAR, **and YASER KHALAF** a/k/a YASER ALLAH KHALAF a/k/a YASIR KHALAF, <br><br> Defendants. | § § § § § § § § § § § § § § § § § | Civil Action No. **3:16-CV-1189-L** |

## MEMORANDUM OPINION AND ORDER

Before the court is Plaintiff's Motion for Default Judgment against Defendant Catsup Burger Bar, LLC (Doc. 19), filed July 27, 2017. After consideration of the motion, brief, record, and applicable law, the court **grants in part and denies in part** Plaintiff's Motion for Default Judgment against Defendant Catsup Burger Bar, LLC (Doc. 19). The court also, for the reasons herein explained, **dismisses without prejudice** Plaintiff's remaining claims against Defendant Yaser Khalaf.

**I.  Background**

On May 3, 2016, J&J Sports Productions, Inc., as Broadcast Licensee of the May 4, 2013 Floyd Mayweather, Jr. v. Robert Guerrero, WBC Welterweight Championship Fight Program ("J&J Sports" or "Plaintiff"), filed Plaintiff's Original Complaint ("Complaint"), seeking relief under the Federal Communications Act of 1934, 47 U.S.C. §§ 553 and 605 ("the Act"), against Defendants

**Memorandum Opinion and Order – Page 1**

Catsup Burger Bar, LLC, individually and d/b/a Ketchup Burger Bar ("Catsup"); Yaser Khalaf a/k/a Yaser Allah Khalaf a/k/a Yasir Khalaf, individually, and d/b/a Ketchup Burger Bar ("Khalaf"); Edward Perry, individually, and d/b/a Ketchup Burger Bar ("Perry"); and Un Cheol Choi, individually, and d/b/a Ketchup Burger Bar ("Choi") (collectively, "Defendants").

Catsup was served on May 18, 2016, but did not timely answer or otherwise respond to the Complaint and did not seek an extension to do so. Default was, therefore, entered by the clerk of the court against Catsup on April 10, 2017. On June 16, 2016, Defendant Khalaf filed a Notice of Bankruptcy ("Notice"). On April 5, 2017, J&J dismissed without prejudice its claims against Perry. On July 25, 2017, J&J and Choi filed a stipulation in which they agreed to dismiss with prejudice all claims against Choi. As a result, only Plaintiff's claims against Catsup and Khalaf remain. On July 27, 2017, J&J moved for default judgment. Two hours later, Catsup filed its Answer to the Complaint without leave of court and without seeking to set aside the entry of default against it. In its motion, Plaintiff seeks entry of default judgment against Catsup; an award of statutory damages under 47 U.S.C. § 605(e)(3)(C)(i)(II) totaling $10,000; and an award of additional damages under 47 U.S.C. § 605(e)(3)(C)(ii) totaling $50,000. Plaintiff also requests an award of attorney's fees and postjudgment interest.

## II. Motion for Default Judgment

Catsup filed an Answer to the Complaint, but it waited until three months after default was entered against it and after Plaintiff moved for default judgment. Moreover, as noted, Catsup did not seek leave of court to file its Answer and has not sought to set aside the entry of default against it. The court, therefore, **strikes** Catsup's Answer (Doc. 20) and finds that, because Catsup has neither filed an answer to Plaintiff's Complaint nor otherwise defended in this lawsuit, and because J&J has established that Catsup is not an infant, incompetent or in the military, J&J is entitled to

**Memorandum Opinion and Order – Page 2**

judgment against Catsup. Accordingly, the court accepts as true the well-pleaded allegations stated by Plaintiff in its Complaint and the facts set forth in the evidence in support of Plaintiff's Motion for Default Judgment.

### A. Damages

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *See United States v. Shipco Gen.*, 814 F.2d 1011, 1014 (5th Cir. 1987) (citing *TWA v. Hughes*, 449 F.2d 51, 70 (2nd Cir. 1971)), *rev'd on other grounds*, 409 U.S. 363 (1973); *G. & C. Merriam Co. v. Webster Dictionary Co.*, 639 F.2d 29, 34 (1st Cir. 1980)). As noted, Plaintiff requests that the court award it $10,000 in statutory damages, pursuant to 47 U.S.C. § 605(e)(3)(C)(i)(II), and $50,000 in additional damages, pursuant to 47 U.S.C. § 605(e)(3)(C)(ii). Section 605 of the Act provides that an aggrieved party may not recover an award of statutory damages of more than $10,000 (for each violation of subsection (a) of section 605 of the Act). 47 U.S.C. § 605(e)(3)(C)(i)(II). The amount of statutory damages requested by Plaintiff falls within the amount allowed by statute, and the court finds the amount of **$10,000** in statutory damages reasonable and awards Plaintiff this amount in statutory damages.

With regard to additional damages under subsection (C)(ii) of the Act, the conduct alleged in the Complaint amounts to "willful" conduct, thereby allowing Plaintiff to recover additional damages under 47 U.S.C. § 605(e)(3)(C)(ii). *See Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 490 (S.D.N.Y. 1999) ("There can be no doubt that the violations were willful and committed for purposes of commercial advantage and private gain. Signals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems."). The court in its discretion may increase the amount of damages by an amount of not more than $100,000 for each violation of subsection (a). 47 U.S.C. § 605(e)(3)(C)(ii). To deter pirating of cable and satellite

broadcasts, courts have applied multipliers of three to eight times the statutory damages as additional damages. *See, e.g., J & J Sports Productions, Inc. v. Rivera*, Case No. H-13-902, 2014 WL 3533472, at *3 (S.D. Tex. July 14, 2014) (citing cases). The court concludes that a multiplier of four times the amount of statutory damages or $40,000 in additional damages is reasonable in this case, considering: (1) the event was exhibited to at least thirty-seven patrons on six big-screen televisions; and (2) and the importance of deterring future violations. The court determines that such damages are ascertainable from the Complaint and the record and awards Plaintiff **$40,000** as additional damages. Accordingly, Plaintiff is entitled to a total amount of **$50,000** in damages.

### B. Attorney's Fees

Plaintiff J&J Sports requests an award of attorney's fees against Catsup in the amount of one-third of the total recovery, or, alternatively, the hourly time presented in the Affidavit of David M. Diaz, for prosecution of this case through default judgment. Pl.'s App. 32-39 (Aff. of David M. Diaz). In addition, J&& requests approximately $140,000 in additional attorney's fees in the event Catsup files postjudgment motions or appeals the judgment in this case. The court determines that an hourly rate is the method that should be used for awarding attorney's fees and, therefore, must determine whether the requested amount is reasonable. The record reflects that Plaintiff's counsel, David M. Diaz , has been licensed by the State of Texas since 1989. His practice primarily consists of handling cases involving commercial and civil litigation. His hourly rate is $250 per hour. The court finds that this hourly rate is within the range of the usual and customary rate charged by attorneys in the Dallas legal community with similar ability, competence, experience, and skill as that of Plaintiff's counsel for the services performed in cases of this nature. Accordingly, the court finds that the hourly rate of $250 per hour is reasonable.

Although Plaintiff's counsel has produced no time records setting forth the number of hours expended, he estimates that his counsel has spent a minimum of four hours on this case through the preparation of Plaintiff's Motion for Final Default Judgment. The court finds that Plaintiff's counsel reasonably expended at a minimum four hours to obtain default judgment. The Act requires that the court "shall direct the recovery of full costs, including awarding reasonable attorneys' fees to an aggrieved party who prevails." 47 U.S.C. § 605(e)(3)(B)(iii). Accordingly, the court determines that Plaintiff is entitled to an award of attorney's fees in the amount of **$1,000.** The court declines to award attorney's fees for postjudgment work, including appellate matters, as the amount of such fees is speculative and unknown. If additional hours are expended postjudgment, Plaintiff will have an opportunity to seek such fees.

### III. Claims Against Yaser Khalaf

On June 16, 2016, Khalaf filed a Notice of Bankruptcy ("Notice") in which he stated: "Defendant, Yaser Khalaf, hereby notifies the Court and counsel of record on the filing of his Chapter 13 bankruptcy in the above styled cause." Notice (Doc. 5). Because of the lack of information contained in the Notice, the court, on April 3, 2017, ordered Khalaf to amend his Notice by April 18, 2017, to include information regarding the district and division where the Chapter 13 bankruptcy was filed and the case number. Khalaf never amended his Notice as ordered or requested additional time to do so. In conducting a quick electronic search on PACER of bankruptcy cases in the Northern District of Texas, the court learned that Khalaf filed a Chapter 13 bankruptcy case June 14, 2016; that he was dismissed from the bankruptcy case November 17, 2016; and the bankruptcy action itself was closed December 8, 2016. Although Khalaf did not amend his Notice, there is no indication from the docket sheet that he was ever served with a summons or copy of the Complaint in this case. Because information regarding the status of Khalaf's bankruptcy was readily and

publicly available, and Plaintiff has made no attempt to effect service on him since November 2016, the court, rather than delay the resolution of this litigation, **dismisses without prejudice** the claims asserted against Khalaf in this action.

IV. **Conclusion**

For the reasons herein stated, the court **grants in part and denies in part** Plaintiff's Motion for Default Judgment against Defendant Catsup Burger Bar, LLC (Doc. 19) and **orders** that default judgment be entered for Plaintiff against Catsup in the amount of **$50,000**, plus postjudgment interest on the total amount awarded at the applicable federal rate of **1.97%**. Plaintiff requested no prejudgment interest, and the court awarded none. The court also **awards** Plaintiff reasonable attorney's fees in the amount of **$1,000** and taxes all allowable and reasonable costs against Catsup. Further, the court **dismisses without prejudice** the claims asserted against Khalaf in this action. As no claims remain against any other Defendant, the court will enter a default judgment against Catsup by separate document in accordance with Rule 58(a) of the Federal Rules of Civil Procedure.

**It is so ordered** this 21st day of February, 2018.

_Sam A. Lindsay_
Sam A. Lindsay
United States District Judge